UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20221-RAR-2

**UNITED STATES OF AMERICA**

vs.

**WILTER EVARISTO PISCO POSLIGUA,**

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

**THIS CAUSE** comes before the Court on Defendant Wilter Posligua's *Pro Se* Motion Pursuant to 18 U.S.C. § 3582(c)(2) ("Motion"), [ECF No. 57], filed on May 15, 2024. The Court having carefully reviewed the Motion, the United States' Response in Opposition ("Response"), [ECF No. 59], the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED** as set forth herein.

**BACKGROUND**

On April 23, 2019, a federal grand jury returned an indictment charging Defendant Wilter Posligua and Defendant's brother and Co-Defendant Pedro Posligua ("P. Posligua") with conspiracy to possess with the intent to distribute (Count 1) and possession with the intent to distribute (Count 2) a controlled substance while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, sections 70506(b) and 70503(a)(1) ("Indictment"), [ECF No. 11]. The charges arose from the United States Coast Guard's April 3, 2019 interdiction of a go-fast vessel (GFV) that was transporting approximately 542 kilograms of cocaine. *See* Wilter Posligua Presentence Investigation Report ("W. Posligua PSR"), [ECF No. 33] at 4–6. At the time of the interdiction, Defendant and his brother and Co-Defendant P. Posligua

were crewing the GFV. PSR ¶ 12. Of note, P. Posligua identified himself to the Coast Guard as the master of the vessel. *Id*.

The Court held a Change of Plea Hearing on June 14, 2019 at which both Defendants pleaded guilty to Count 1 of the Indictment. [ECF No. 27]. There was no signed factual proffer or plea agreement as to either Defendant. *Id.* Prior to sentencing, Defendant's final amended PSR set his final total offense level at 33 with a criminal history category of I, yielding an advisory guideline range of 135 to 168 months' imprisonment. *See* PSR Addendum, [ECF No. 33-1] at 1. The PSR's final offense level also reflected a two-level decrease pursuant to the safety valve provisions of U.S.S.G. § 2D1.1(b)(18) and § 5C1.2. PSR ¶ 18. Notably, because Defendant's brother and Co-Defendant P. Posligua admitted to being the master of the vessel, P. Posligua received an additional two-points added to his offense level pursuant to U.S.S.G. § 2D1.1(b)(3)(C) that Defendant did not receive. *See* Pedro Posligua Presentence Investigation Report ("P. Posligua PSR"), [ECF No. 32] ¶ 18. Accordingly, P. Posligua's final offense level was set at 35 while Defendant's final offense level was set at 33. *Compare* P. Posligua PSR ¶ 27 *with* W. Posligua PSR ¶ 26.

At Defendant's sentencing on September 6, 2019, the Court imposed a low-end sentence of 135 months' imprisonment followed by two years' supervised release. [ECF Nos. 36, 38]. As to Co-Defendant P. Posligua, the Court varied downward from a guidelines range of 168–210 months' and imposed an identical sentence of 135 months' imprisonment. [ECF Nos. 35, 37]. Indeed, because the Court considered the two Defendants equally culpable, the two brothers received the same sentence.

By the instant Motion, Defendant now requests that the Court apply a two-level reduction to his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the U.S. Sentencing Commission's newly created § 4C1.1, the "Adjustment for Certain Zero-Points Offenders" (Amendment

821).  *See generally* Mot.  Defendant does not ask for a specific reduction, maintaining only that he meets all the criteria under § 4C1.1 and that he is entitled to a two-level reduction to his offense level pursuant to the zero-point offender adjustment.  *See id.*

## **LEGAL STANDARD**

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up).  Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added).  Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on an original sentencing range that appears to have been subsequently lowered by the Sentencing Commission.  *See Dillon v. United States*, 560 U.S. 817, 825–26 (2010).  First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements.  *See United States v. Barbieri*, No. 18-20060, 2023 WL 8472741, at *2 (S.D. Fla. Dec. 6, 2023).  Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.  *Id.*

The applicable Sentencing Commission policy statement here provides that a court "*shall not* reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).  Further, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the

effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n.7.  In other words, if a defendant is scheduled for release before February 1, 2024, he or she is not entitled to relief under Amendment 821.

But even if a defendant is eligible for relief under § 3582(c)(2), the Court must still determine if it will exercise its discretion to reduce the defendant's sentence after it has considered the § 3553(a) factors, *Dillon*, 560 U.S. at 826–27, and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment. . . ." U.S.S.G. § 1B1.10 cmt. n.1(B).  The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  *See* 18 U.S.C. § 3553(a).

## **ANALYSIS**

Defendant seeks relief pursuant to Amendment 821—the recently added adjustment for certain zero-point offenders.  A defendant is eligible for a two-level reduction in his offense level under Amendment 821 if he or she meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

    (3)    the defendant did not use violence or credible threats of violence in connection with the offense;

    (4)    the offense did not result in death or serious bodily injury;

    (5)    the instant offense of conviction is not a sex offense;

    (6)    the defendant did not personally cause substantial financial hardship;

    (7)    the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

    (8)    the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

    (9)    the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

    (10)    the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

*See* U.S.S.G. § 4C1.1.

Although the Court agrees with both Defendant and the Government that Defendant meets each of U.S.S.G. § 4C1.1's ten criteria, the § 3553(a) factors militate against further reduction of Defendant's sentence. Specifically, the Court finds the nature and circumstances of the offense here—namely, Defendant's transportation of 542 kilograms of cocaine via GFV subject to the jurisdiction of the United States—demonstrates a high level of criminal intent, planning, and determination, and poses significant risk to the community. Moreover, the Court has already considered and denied a similar motion by P. Posligua, [ECF No. 53], the Co-Defendant brother with whom Defendant conspired and who stands in essentially identical shoes as Defendant. Finally, as the Government suggests, Response 5–6, even if the Court were to apply the zero-point

offender adjustment here, the 135-month sentence Defendant received would still fall within the adjusted guidelines range after incorporating the zero-point offender reduction. Thus, after considering the nature and circumstances of this offense, Defendant's brother's 135-month sentence, and the relevant § 3553(a) factors, the Court finds that a sentence of 135 months' imprisonment appropriately reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and affords adequate specific and general deterrence to serious criminal conduct of this nature.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Wilter Posligua's *Pro Se* Motion Pursuant to 18 U.S.C. § 3582(c)(2) ("Motion"), [ECF No. 57], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 4th day of June, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**